UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-80279-Dimitrouleas/McCabe

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT M. DUBOIS, JR. and
JOAN C. DUBOIS,

    Defendants.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on the Government's Expedited Application for an Amended Writ of Attachment ("Second Application") (DE 100), which was referred to the undersigned by United States District Judge William P. Dimitrouleas (DE 102). For the reasons set forth below, the undersigned **RECOMMENDS** that the Second Application be **GRANTED.**

**I.  OVERVIEW**

This is a fraudulent transfer action brought by the Government against a delinquent taxpayer (hereafter "Son") and his mother (hereafter "Mother"). The Government alleges that Son fraudulently transferred a valuable asset, in the form of his interest in two state court trust-related lawsuits, to Mother for no consideration in order to evade a $1.2 million tax judgment (DE 79).

On November 13, 2023, the undersigned issued a sealed Report and Recommendation ("R&R") (DE 85) on the Government's Sealed Ex Parte Application for Writ of Attachment ("First Application") (DE 83). On November 16, 2023, in a Sealed Order, the presiding District Judge adopted the R&R and entered a Sealed Writ of Attachment (DE 87, DE 88). The Sealed Writ of

Attachment authorized the U.S. Marshals Service to seize $250,000 in physical cash, which Mother had previously claimed to be storing inside her home (DE 88).

On November 28, 2023, the Government disclosed the above sealed ex parte filings to Mother and her counsel, in an attempt to obtain their voluntary cooperation in the seizure of the cash (DE 100 at 3). In response, Mother now claims she has only a small amount of cash inside her home and that she has only $166,000 available in a BankUnited account (DE 92 ¶¶ 8, 10; DE 94 ¶ 9, 11). In light of this revised information, the Government filed this Second Application, seeking:

(1) a Writ of Garnishment allowing the Government to garnish the $166,000 that Mother now claims to be held in the BankUnited account (DE 100-4); and

(2) an Amended Writ of Attachment allowing the Government to attach up to $84,000 in cash inside Mother's home, calculated as follows: $250,000 (amount set forth in original Sealed Writ of Attachment) - $166,000 (amount currently claimed to be in the BankUnited account) = $84,000 (DE 84, DE 100-3).

## II.   **DISCUSSION**

The Government's Second Application seeks prejudgment relief pursuant to the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, which gives broad powers to the Government in the collection of its debts (DE 100). Among other remedies, the FDCPA authorizes prejudgment writs of attachment and garnishment when the Government shows "reasonable cause" to believe, among other things, that a Government debtor "has or is about to assign, dispose, remove, conceal, ill treat, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States." 28 U.S.C. § 3101(b)(1)(B). Applications for relief

must be accompanied by an affidavit showing, to the Court's satisfaction, "facts supporting the probable validity of the claim for a debt and the right of the United States to recover what is demanded in the application."  28 U.S.C. § 3101(c).

As explained in the Court's prior R&R on the First Application, the Government has satisfied the elements necessary for prejudgment relief pursuant to the FDCPA (DE 85 at 4-9). The Court has reviewed Mother's response to this Second Application, and the Court's view remains unchanged.  Indeed, the Second Application presents an even stronger case of "reasonable cause" to believe that Mother "has or is about to assign, dispose, remove, conceal, ill treat, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States," within the meaning of 28 U.S.C. § 3101(b)(1)(B).  Mother continues to offer contradictory statements as to the fate of the settlement proceeds at issue and their current whereabouts.[1]

The Court has considered, but finds unpersuasive, Mother's argument that the Court should reduce by one-half the monetary amounts set forth in the Writ of Garnishment and the Amended Writ of Attachment (DE 104 at 3).  As set forth in the Court's previous R&R, the evidence showed that Mother received total settlement proceeds of $500,000 (DE 85 at 12).   Because Mother and Son served as a co-plaintiffs in the state court lawsuits that gave rise to the settlement proceeds, the Court previously found one-half of the settlement amount, i.e., $250,000, to be a reasonable approximation of the amount allegedly fraudulently transferred and therefore subject to prejudgment relief (DE 85 at 13).

---

[1] In September 2023, Mother testified that that she "cashed" a $300,000 check and that she was, at that time, "in possession of the cash" (DE 100-1 at 75).  She now claims to have only $2,000 in cash in her home and $166,000 in a BankUnited bank account (DE 104 at 2; DE 92 ¶¶ 8, 10; DE 94 ¶ 9, 11).

Mother argues the Court should extend this logic to limit the amounts the Government can now garnish and/or attach from the remaining sums in Mother's possession (DE 104 at 3). Thus, according to Mother, the Government should be allowed to garnish no more than 50% of the $166,000 remaining in the BankUnited account and should be allowed to attach no more than 50% of her remaining cash on hand (DE 104 at 3).

The Court disagrees. The sum of $250,000 remains a reasonable approximation of the amount allegedly fraudulently transferred to Mother in this case. The Court declines to limit the Government's prejudgment relief merely because Mother claims to no longer possess a portion of the funds. To do so would be to reward an alleged dissipation of assets. Mother remains free to argue, at later stages of this case, that no fraudulent transfer took place, or that if a fraudulent transfer did take place, it involved a sum less than $250,000. In the meantime, the Court declines to limit the Government's relief solely to 50% of Mother's remaining cash on hand and BankUnited account balance.

### III.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Second Application be **GRANTED** as follows:

1. The District Judge should enter the Order attached as DE 100-2, the Amended Writ of Attachment attached as DE 100-3, and the Writ of Garnishment attached as DE 100-4.

2. The District Judge should quash the Sealed Writ of Attachment at DE 88.

3. The District Judge should unseal the R&R issued on November 14, 2023 (DE 85), as well as the other currently sealed docket entries in this case (DE 83, DE 86, DE

87, DE 88, DE 90, DE 97, DE 99), in light of the Government's disclosure of sealed filings to Defendants.

The parties shall have **seven (7) days from** the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge.[2] Failure to file objections timely shall bar a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 20th day of December 2023.

RYON M. MCCABE<br>
U.S. MAGISTRATE JUDGE

---

[2] The undersigned has shortened the time for objections because of the expedited nature of the relief sought by the Government.